FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUL 15 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CAREY MARIE LARSEN,

                Plaintiff,

- against -

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
12-CV-00414 (CBA)

AMON, Chief United States District Judge.

Plaintiff Carey Larsen has petitioned for review of the Commissioner's denial of disability insurance benefits. The parties have cross-moved for judgment on the pleadings. Having reviewed the Administrative Law Judge's ruling, the record, and the parties' submissions, the Court finds that the ALJ committed reversible error in this case by (1) failing to properly apply the treating physician rule with respect to treating physician, Dr. Scott Gray; (2) improperly discounting the plaintiff's credibility; and (3) failing to support her residual functional assessment with substantial evidence. In light of these errors and because the record contains conflicting evidence with regards to the plaintiff's disability and functional capacity to work, the Court remands this case for further administrative proceedings pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

Under § 205(g) of the Social Security Act, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In reviewing a final decision of the Social Security Administration ("SSA"), the

1

Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012) (quoting Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 507 (2d Cir. 2009)); accord Melville v. Apfel, 198 F.3d 45, 51 (2d Cir. 1999) ("In reviewing the Commissioner's denial of benefits, the courts are to uphold the decision unless it is not supported by substantial evidence or is based on an error of law."). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "In determining whether the agency's findings were supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). However, the Court keeps in mind "that it is up to the agency, and not this court, to weigh the conflicting evidence in the record." Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

I. **The Treating Physician Rule**

It is well settled that the opinion of a treating physician on "the nature or severity" of a claimant's impairments is given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the [plaintiff's] case record." 20 C.F.R. § 404.1527(c)(2); see also Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013). Although a consultative physician's opinion can be substantial evidence, as the Second Circuit has recently cautioned, "ALJ's should not rely heavily on the findings of consultative physicians after a single examination." Selian, 708 F.3d at 419. In addition, to "override" the opinion of the treating physician, "the ALJ must explicitly

consider, inter alia: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist. Id. at 418 (citing Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008)). Using these factors, the ALJ must "comprehensively set forth reasons for the weight assigned to a treating physician's opinions." Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004). Failure to articulate such "good reasons" for the weight accorded to a treating physician's opinion constitutes proper grounds for remand. See id.

Here, the ALJ determined that the opinions of consultative examiner, Dr. Navindra Ramdeen, were entitled to "great weight," while the opinions of treating orthopedist Dr. Gray were entitled to "less weight." (Tr. 21.) Dr. Gray's opinions, the ALJ found, were not "supported by the medical evidence of record" and "actually contradicted by claimant's daily activities and capabilities." (Tr. 20.)

In making this determination, the ALJ committed legal error in failing to give "good reasons" for her determination that Dr. Gray's opinions were entitled to "less weight." Indeed, other than a brief discussion of some of Dr. Gray's findings and conclusory statements that his opinions were "unsupported by the medical evidence of record," the ALJ spent almost no time explaining why, despite the existence of corroborating evidence in the record, Dr. Gray's opinions were nevertheless entitled only to "less weight." Instead, the ALJ appeared to direct her analysis to supporting Dr. Ramdeen's ultimate conclusions regarding the plaintiff's functional limitations. This discussion, however, does not discharge the ALJ's obligation to "comprehensively set forth reasons" for the weight accorded to a treating physician's opinion.

The ALJ's cursory discussion also failed to consider all of the factors that are required when not affording controlling weight to a treating physician's opinion. See Schaal v. Apfel,

134 F.3d 496, 504 (2d Cir. 1998). For one, the ALJ did not offer any discussion of the "frequency, length, nature, and extent of treatment" provided by Dr. Gray. "Generally, the longer a treating source has treated [the plaintiff] and the more times [the plaintiff] has been seen by a treating source, the more weight [the Commissioner] will give to the source's medical opinion." 20 C.F.R. § 404.1527(c)(2)(i). Nevertheless, the ALJ appeared to give no weight to the fact that Dr. Gray saw the plaintiff at least thirteen times over the course of almost two and half years (Tr. 265-90; 445-48), while Dr. Ramdeen saw her only once (Tr. 311-15.). In addition, the ALJ did not appear to give any weight to the fact that Dr. Gray is a specialist. Moreover, although the ALJ did mention evidence in the record that corroborated aspects of Dr. Gray's findings and ultimate conclusions, including the plaintiff's 2009 MRI and the findings of pain specialist Dr. Mathew Lefkowitz (Tr. 20-21), the ALJ did not elaborate on how this evidence affected the weight accorded to Dr. Gray's opinions.

## II. The Plaintiff's Credibility

As an initial matter, the Court notes that to the extent that the ALJ, on remand, re-evaluates the evidence in addressing the treating physician rule, the ALJ should also consider whether that re-evaluation alters the assessment of the plaintiff's credibility in light of the evidence as a whole. See Balodis v. Leavitt, 704 F. Supp. 2d 255, 268 n.14 (E.D.N.Y. 2010). In addition, the Court finds that the ALJ's decision fails to point to substantial evidence supporting her determination that the plaintiff's "statements concerning the intensity, persistence and limiting effects of" her alleged symptoms of pain were not credible because they were inconsistent with reported daily activities and capabilities (Tr. 20-21).

Where, as here, the medical record contained a number of references to the plaintiff's subjective symptoms of pain, "it was particularly important that the ALJ explore[] these

4

symptoms with plaintiff so that the ALJ could effectively exercise [her] discretion to evaluate the credibility [of the claimant to] arrive at an independent judgment . . . regarding the true extent of the pain alleged." Hilsdorf v. Comm'r of Soc. Sec., 724 F. Supp. 2d 330, 352 (E.D.N.Y. 2010) (quoting Hankerson v. Harris, 636 F.2d 895-96 (2d Cir. 1980)). That the plaintiff practices yoga and "can cook daily, perform routine household chores once a week, go shopping once a week, shower and dress herself, watch television, listen to the radio, read, socialize with friends and do needlepoint stitch" (Tr. 21) does not, without more, necessarily contradict her claim that she experiences pain when walking or sitting for more than 30 minutes or that her pain causes fatigue and distractibility. An individual can perform each of these daily activities and still experience debilitating pain at the intensity and persistence and with the limiting effects she claims. See Dambrowski v. Astrue, 590 F. Supp. 2d 579, 584 (S.D.N.Y. 2008); Hilsdorf, 724 F. Supp. 2d at 352. Evidence that the plaintiff occasionally travelled by plane is also not by itself inconsistent, especially in light of evidence, seemingly not considered by the ALJ, indicating that her symptoms worsened after her trips (see Tr. 414). Whether these activities undermine the plaintiff's allegations concerning her pain is thus an inquiry that can be resolved only with further clarification as to the nature of these activities. The ALJ could have obtained this clarification by additional questioning of the plaintiff at the hearing but did not, neglecting the ALJ's "obligation to pursue opportunities to evaluate further plaintiff's subjective complaints." Id.

On remand, therefore, in addition to reconsidering the plaintiff's credibility in light of any re-evaluations of the evidence, the ALJ should inquire into the particular nature of the plaintiff's daily activities and how her allegations of pain limit these activities before determining her credibility. The ALJ should also carefully weigh each of the factors set forth in

20 C.F.R. § 416.929(c)(3), including the "type, dosage, effectiveness, and side effects" of any medication she has taken, a factor which does not appear to have been adequately addressed. If the ALJ still concludes that the plaintiff's pain contentions are not supported by the objective evidence, she should explicitly set forth all evidence considered in assessing the plaintiff's credibility, including, for example, the plaintiff's testimony and indicate exactly how the plaintiff's subjective experience of pain factors into her ultimate RFC determination.

### III. The ALJ's Residual Functional Capacity Assessment

Finally, turning to the ALJ's RFC assessment, the Court notes that the opinion of Dr. Ramdeen, to which the ALJ afforded "strong weight," does not provide substantial evidence to support the ALJ's finding that the plaintiff has the capacity perform work that allows for the ability to only occasionally alternate positions between sitting and standing. As an initial matter, Dr. Ramdeen's opinion as to her functional limitations is vague. What he means by "mild" or "moderate" limitations "is left to the ALJ's sheer speculation." Selian, 708 F.3d at 421. In addition, the plaintiff states that she has difficulty sitting for long periods of time without experiencing pain. Dr. Ramdeen, however, makes no mention of what, if any, limitations she has with respect to sitting. (Tr. 314.) Without more, therefore, Dr. Ramdeen's opinion does not provide the information necessary to make the inference that the plaintiff has the capacity to perform the light work described. See Curry v. Apfel, 209 F.3d 117, 123-24 (2d Cir. 2000), superseded by statute on other grounds. "At a minimum, the ALJ like should have contacted [Dr. Ramdeen] and sought clarification of his report." Selian, 708 F.3d at 421.

### CONCLUSION

Because it is for the Social Security Administration, not this Court, to weigh conflicting evidence in the first instance and to fully develop the administrative record, the Court remands

this case for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). Accordingly, the plaintiff's motion to remand for a new hearing is granted, and defendant's motion for judgment on the pleadings is denied. On remand, the ALJ is directed to consider all of the factors that are required when determining the weight to afford a treating physician's opinion and to set forth a comprehensive statement of the reasons for the weight given consistent with the principles stated. The ALJ is further directed to inquire into the particular nature of the plaintiff's daily activities and the extent to which her pain limits those activities and to re-evaluate the credibility of the plaintiff's allegations of her symptoms of pain accordingly. Finally, should the ALJ decide to continue to rely heavily on the opinion of Dr. Ramdeen, she should seek clarification of his report and obtain the particulars necessary to support her RFC assessment. The Clerk of Court is directed to terminate all pending motions and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
July 12, 2013

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge